Nash, J.
 

 We much regret it is not in our power to grant to the plaintiff the relief he seeks. The Bill, no doubt from haste, is so inartificially drawn, that we cannot give him the instructions required. It is a general rule in Equity, that all the persons, however numerous they may be, who are interested in the subject of a suit, must be made parties, either plaintiffs or defendants, if known ; and like a declaration at common law, the circumstances constituting the case must be set forth in the Bill at large. Mr. Cooper, in his Equity Pleading, page 9, states, that the second part of the Bill sets forth the
 
 names
 
 of the parties. In order to obtain the answer upon oath, the Bill must pray, that the writ of subpcena issue to the defendant; and, although persons may be named in the Bill, none are parties to it, against whom process is not prayed. Coop. Eq. Plead. 16. 1 P. Wil. 593.
 
 2
 
 
 *177
 
 Dick. 707. A defendant is as necessary to the just and proper construction of a Bill in Equity as a plaintiff. In the case we are now considering, there is no defendant whatever — process is prayed against no one. The prayer is, “ that the clerk be ordered to issue subprenas to the proper defendants, &c.” But who are they
 
 1
 
 No name or names are given. How is he to find them out
 
 1
 
 Is it 1o be left to his discretion to say, who ought to be made defendants ? This, in fact, is what the plaintiff does ask. It is not, as before remarked, sufficient that the names of individuals are contained in the Bill. Process is not asked against them, nor against any one in particular. There is, then,
 
 no party defendant
 
 to the Bill. But the Bill is liable to other objections, equally fatal. It is, among other things, stated, that John Moore died before the testator, leaving children, and a blank is left in the Bill, after the word “ leaving,” apparently for inserting the names of his children, and perhaps of his representatives, if he had any. It is not stated whether there is a representative or not. The Bill does not state who are the children of Alexander Moore. The names of certain persons are mentioned, but whether they- are such children, we are left to conjecture. Some of those, so mentioned, are said to be dead, but when they died we are not informed. It would be impossible for the .Court, upon this executor’s bill, to know to whom to decree the money.
 

 The Court has gone very far, in sustaining Bills defectively drawn — but we think this so essentially wanting in one of the points, necessary to the institution of a suit in any Court, that we cannot sustain it.
 

 Per Curiam.
 

 Bill dismissed.